UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PATRICK LEE GARRETT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:16-cv-00206-TAB-RLY ) |
| NANCY A. BERRYHILL Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Patrick Lee Garrett, Jr. appeals the Commissioner's denial of his application for Social Security benefits. Garrett takes issue with the Administrative Law Judge's application of the treating physician rule to Dr. Meyer. For the reasons set forth below, Garrett's brief in support of appeal [Filing No. 19] is denied and the Commissioner's decision is affirmed.

**II.    Background**

Garrett applied for Disability Insurance Benefits and Supplemental Security Income in May 2013, alleging disability beginning on July 20, 2012. Garrett's claims were denied initially and upon reconsideration. On May 19, 2015, Garrett, represented by an attorney, testified at a hearing before an ALJ. Garrett amended the onset date of his disability to July 1, 2014. On November 4, 2015, the ALJ determined that Garrett is not disabled.

At step one, the ALJ found Garrett has not engaged in substantial gainful activity since the alleged onset date. At step two, the ALJ found Garrett's severe impairments are disorders of back-discogenic and degenerative in the lumbar spine, cervical spine and bilateral C6 or C7

cervical radiculopathy, numbness, muscle spasms, and joint pain in his hands, and gouty arthritis. At step three, the ALJ found Garrett's impairments do not meet or medically equal a listing. At step four, the ALJ found that Garrett has the Residual Functional Capacity to perform sedentary work, except

> the claimant can never climb ladders, ropes, and scaffolds; the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; the claimant can frequently handle and finger with the bilateral upper extremities; the claimant must avoid all exposure to workplace hazards such as unprotected heights and dangerous moving machinery; and the claimant is limited to performing jobs which can be performed while using a handheld assistive device at all times when standing.

[Filing No. 13-2, at ECF p. 17.]

At step five, the ALJ relied on the testimony of a vocational expert to find that Garrett is unable to perform his past work as a maintenance electrician. However, the ALJ found Garrett has the RFC to perform the work of an inspector, sorter, and assembler. As a result, the ALJ found Garrett is not disabled for purposes of SSI or DIB. The Appeals Council denied review. This appeal followed.

### III. Legal standard

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). The ALJ need not mention every piece of evidence so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

**IV.     Discussion**

Garrett argues the ALJ misapplied the treating physician rule to Dr. Meyer's opinion.  A treating physician's opinion is entitled to controlling weight as long as it is well supported by objective medical evidence and is consistent with other substantial evidence in the record.  [20 C.F.R. § 404.1527(c)(2)](); *[Roddy v. Astrue](), 705 F.3d 631, 636 (7th Cir. 2013)*.  If the ALJ determines that a treating doctor's opinion is not entitled to controlling weight, he must evaluate it and determine what weight to give it according to the factors set forth in § 404.1527(c)(1)-(6).

The ALJ found Dr. Meyer's opinion is not entitled to controlling weight because it is not consistent with the record, and afforded it little weight.  [[Filing No. 13-2, at ECF p. 20-21]().]  Garrett argues that the limitations described by Dr. Meyer are consistent with eight MRIs, EMGs, and CT scans in the record.  However, Garrett does not identify which limitations, nor does he explain how the medical evidence supports Dr. Meyer's opinion.  Moreover, the ALJ confronted the MRI and EMG evidence, finding "that the claimant has some symptoms but the MRI shows the claimant does not have them at the severity alleged by Dr. Meyer."  [[Filing No. 13-2, at ECF p. 21]().]  The ALJ pointed out Garrett's lumbar spine MRI showed only mild to moderate stenosis, his cervical spine MRI showed only mild degenerative changes, and two EMGs had only mildly abnormal results.  [[Filing No. 13-2, at ECF p. 21]().]  Garrett fails to convince the Court the ALJ erred in his analysis of this evidence or that he erroneously concluded that Dr. Meyer's opinion is not consistent with the medical evidence.

The Commissioner highlights Garrett's failure to identify evidence the ALJ ignored.  Garrett responds by relying on *[Fidell v. Berryhill](), No. 416CV00045TWPDML, 2017 WL 815112, at \*6 (S.D. Ind. Mar. 1, 2017)*, for the proposition that he does not need to identify what the ALJ overlooked in analyzing Dr. Meyer's treatment notes.  This is not true.  The Court does

not undertake a *de novo* review of Garrett's Social Security claim. The treating physician rule, which was restated in *Fidell*, is that the ALJ must analyze a treating physician's opinion according to a list of factors if he does not give it controlling weight. *Id.* *Fidell* does not burden the Court with identifying errors the ALJ may or may not have made. Even so, there are no obvious errors with the ALJ's analysis of Dr. Meyer's opinion.

The factors the ALJ must consider for treating physicians include the examining relationship, treatment relationship, supportability, consistency, and specialization. 20 C.F.R. § 404.1527(c)(1)-(6). Here, the ALJ identified Dr. Meyer as a treating source, discussed Dr. Meyer's opinions, explained that Dr. Meyer's opinions were not supported by the other medical evidence, and pointed out that Dr. Meyer's treatment notes did not support his medical questionnaire. [Filing No. 13-2, at ECF p. 20-21.] Garrett's general assertion that the ALJ failed to consider all of the factors does not require the Court to do a comprehensive search of the record to see if the ALJ may have overlooked something.

Neither Garrett's general complaint, nor the governing case law, shifts the obligation to develop an argument to the Court. *See e.g., Parker v. Astrue*, No. 1:08-CV-966-DFH-TAB, 2009 WL 2177951, at *11 (S.D. Ind. July 22, 2009) (refusing to develop and then evaluate an argument based on a general complaint that substantial evidence does not support the ALJ's decision). Simply put, Garrett is represented by an attorney. The attorney decided that his best arguments are that the ALJ failed to consider the required factors and failed to follow the treating physician rule. The factors are not identified, nor are the eight MRIs, EMGs, EMGs, and CT scans that Garrett asserts demonstrate an error. These arguments are unconvincing and therefore fail.

## V. CONCLUSION

For these reasons, the Commissioner's decision is affirmed. Garrett's brief in support of appeal [Filing No. 19] is denied.

Date: 8/9/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

William Joseph Jenner
JENNER, PATTISON, HENSLEY & WYNN, LLP
jjenner@wjennerlaw.net

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov